10307

### STATE v. JONES.

#### (101 S. E. 647.)

HOMICIDE—INTENT AND MALICE BAR PLEA OF SELF-DEFENSE.—If the lives of two men have been threatened each by the other, and one man went where he knew the other was going to be with the intent to do him harm, there would be express malice in his very act of going there, and he cannot set up self-defense, but a threatened person may go about his ordinary business in daily life without losing his right to set up such defense.

Before RICE, J., Aiken, Summer term, 1919. Affirmed.

Shuler Jones was convicted of murder, and appeals.

*Messrs. T. G. Croft* and *D. W. Gaston, Jr.,* for appellant, cite: *As to law of express malice:* 43 S. C. 138. *As to the law of what is "bringing about a difficulty:"* 87 S. W. 151; 58 Ga. 212; 13 S. E. 398; 31 Miss. 504; 24 S. W. 611; 5 S. W. 353; 109 A. S. R. 807-8; 21 Cyc., p. 810; 21 Cyc. 807; 60 A. S. R. 17; 60 Tex., p. 17; 76 Tex. 736; 37 A. S. R. 983; 55 S. C. 34; 142 M. O. 443; 25 Ga. 527; 26 Tex. App. 274; 8 Am. St. Rep. 577; (Tex.) 51 S. W. Rep. 250; (Tex.) 51 S. W. Rep. 244; 51 S. W. Rep. 1109; 74 A. S. R. 732; 71 A. S. R. 594.

*Messrs. R. L. Gunter, Solicitor,* and *John Edwin Stansfield,* cite: *As to law of express malice:* 110 N. Y. 618; 17 N. E. 391; Blackstone's Commentaries, vol. IV, p. 199; Greenleaf on Evidence, p. 126, sec. 145; Roscoe on Criminal Evidence, p. 689; May on Criminal Law, p. 207, sec. 220; 65 S. C. 324; 29 S. C. 284. *As to charge upon facts:* 71 S. C. 144; 74 S. C. 501; 90 S. C. 291; 111 S. C. 58; 40 S. C. 34. *As to law of what "is bringing on a difficulty:"* 65 S. C. 324; 24 S. C. 283; 34 S. C. 40; 12 S. E. 622; 33 S. C. 583; 12 S. E. 559; 28 S. C. 36; 4 S. E. 583; 43 S. C. 132; 20 S. E. 1000; 40 S. C. 333; 45 L. R. A. 687; Wharton on Criminal Law, vol. II, sec. 951. *As to the common meaning of the words "ordinary business" and "ordinary daily life:"* Words and Phrases, vol. VI, p. 5028.

December 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted, tried, and convicted of murder, with a recommendation to mercy, at the May term of Court, 1919, for Aiken county, before Judge Rice, and a jury. After sentence defendant appeals. The appeal complains of error on the part of the Circuit Judge in his supplementary instructions when the jury requested further instruction.

The instruction complained of is this:

"Foreman: Some of the jury did not understand the charge in case of self-defense, where each was carrying a gun. ·

"The Court: If the lives of two men had been threatened, each by the other, and one man went where he knew another was going to be, and he went there with the intent and purpose in his heart to do harm or injury to the other, then there would be express malice in his very act of going there; or, if two men, each having threatened the other, both go to the point where they know the other is going to be, or have reason to believe the other is going to be, and a fight ensues, then neither can set up, or rather I should say this, that would indicate express malice on the part of both of them, because, if a man goes where he knows another is going to be, and he. goes there for the purposeof meeting the other and to do him harm or injury, and if he knows that his going there is liable to bring on a difficulty, and he goes there and brings about the difficulty in that way, he cannot set up self-defense; or if two men engage in mutual combat designedly,. and they both go to this place with the intention of meeting the other and doing him·harm or injury, and they meet and fight, and one is·killed, Mr. Foreman and gentlemen, he cannot set up self-defense. In a case of that kind, he brought on the difficulty, and cannot be said to be without fault in bringing on the difficulty.

"Mr. Gaston: I would ask your Honor to charge the jury that, where one threatens another, the other has not got to stay at home in order to keep from seeing the man that makes the threats. He can go about his own business.

"The Court: No, sir; that is correct, gentlemen of the jury, and I charge you that; in other words, a man does not have to go and stay in the house and shut himself up because another has threatened him. He can go about his ordinary business. He is not bound to go and shut himself up in a room or anywhere else to prevent meeting the other person;

in other words, because a man threatened me or you, you would not have to shut yourself up, but could go about your ordinary business and daily life."

The exceptions are all overruled. There is no complaint that his Honor committed any error in his general charge, but only in his supplementary instructions.

The appellant was not in any manner prejudiced by his Honor's charge. His Honor charged the law correctly under the authority of the *State v. Merriman,* 34 S. C. 24, 14 S. E. 394; *State v. Cobb,* 65 S. C. 324, 43 S. E. 654, 95 Am. St. Rep. 801; *State v. Thrailkill,* 71 S. C. 144, 50 S. E. 551; *State v. Emerson,* 78 S. C. 85, 58 S. E. 974; *State v. Hanahan,* 111 S. C. 58, 96 S. E. 667.

Exceptions overruled.

Judgment affirmed.