## C. A. JOHNSON V. THE STATE.

### No. 10382.   Delivered November 10, 1926.

**1.—Murder—General Reputation of Witnesses—Withdrawn From Jury— Error.**

Where, on a trial for murder, the appellant had introduced testimony that the general reputation of a main prosecuting witness for truth and veracity was bad, it was error for the trial court, on motion of the state, to withdraw such testimony from the consideration of the jury.

**2.—Same—Requested Charge—On Accidental Killing—Erroneously Refused.**

Where appellant defended upon the theory that the shot which killed the deceased was fired by him at one Elliott, who at the time was making an assault upon him, which threatened his life or serious bodily injury, and that the killing of deceased was an accident, it was error for the trial court to refuse appellant special charge presenting this issue to the jury.

**3.—Same—Continued.**

And so it was also error for the trial court to refuse a requested charge, that if the killing of deceased was an accident, and that the shot which killed him was fired by appellant at a man named Elliott, under the immediate influence of sudden passion, etc., aroused by an adequate cause, that the killing of the deceased under such circumstances would not be of a higher grade than manslaughter.

Appeal from the District Court of Eastland County.   Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction of murder, penalty six years in the penitentiary.

The opinion states the case.

*T. J. Cunningham* and *R. N. Grisham* of Eastland, for the State.   On his defensive theory of an accidental killing in defense of himself against the assault of another, appellant cites:

Code of Crim. Prac. (Old Code) Art. 1132.
Castro v. State, 40 S. W. 985.
Cooper v. State, 85 S. W. 1059.
Huddleston v. State, 112 S. W. 64.
Leggett v. State, 136 S. W. 787.
Luttrell v. State, 158 S. W. 526.
Mundine v. State, 37 Tex. Crim. Rep. 275.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Eastland County of murder; punishment, six years in the penitentiary.

It will not be necessary to discuss the facts in view of our disposition of this case.   It is sufficient to state that a witness

by the name of Elliott was a most material witness for the state. The facts from the appellant's standpoint show that he shot at said Elliott and accidentally killed deceased. Appellant claimed that his shooting at Elliott was in self-defense. After Elliott had testified for the state, appellant introduced five witnesses, each of whom testified that he knew Elliott's general reputation for truth and veracity in the community in which he lived and that it was bad. Thereafter and upon motion of the state the court withdrew from the jury the testimony of said witnesses and instructed the jury not to consider said testimony. It appears from the qualification of the court, appended to the bill of exceptions complaining of this matter, that after the appellant had testified, the state undertook to show appellant's bad reputation for truth and veracity, to which defense counsel objected. Upon this objection being made, the attorneys for the state moved the court to exclude the testimony of the witnesses above referred to who had testified to the bad reputation of Elliott. The court sustained the state's motion. The learned trial judge was in error in his action in this regard.

The court below refused special charges presenting, in substance, the proposition that if the appellant shot John Harris, deceased, accidentally while defending himself against an unlawful attack on the part of one Elliott, said attack being of such nature and character as to make it reasonably appear to the appellant as to threaten him with loss of life or serious bodily injury, and if the jury believed that the shot which was fired at Elliott in self-defense by appellant struck and killed deceased, then appellant would not be guilty of unlawful homicide. A charge should have been given presenting this theory of the case.

There is also an exception to the court's refusal to give a requested instruction, in substance, that if by reason of any attack made upon appellant by Elliott, or if by reason of other acts and conduct of said Elliott, there was produced in the mind of appellant such a degree of rage, anger, sudden resentment or terror as to render it incapable of cool reflection, and while in this condition appellant, intending to attack or shoot Elliott, and not in self defense, accidentally and without intention so to do, shot and killed Harris, he would be guilty of no more than manslaughter. This charge presents a correct principle of law and the refusal of same or of the submission of this defensive issue was erroneous.

For the errors mentioned the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*