C. J. Watson v. The State.

No. 12021. Delivered February 6, 1929.

The opinion states the case.

*Jones & Lyles* of Del Rio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for three years.

Appellant shot and killed Oliver Maiden and wounded N. J. Maiden. Upon an indictment charging that he murdered Oliver Maiden, appellant was convicted of the offense of manslaughter and his punishment assessed at confinement in the penitentiary for five years with sentence suspended. On the present trial, appellant testified that Oliver Maiden attacked him with a knife and that he, appellant, ran backward until he could draw his pistol; that when Oliver Maiden was within two or three feet of him, he raised his pistol and as Maiden dropped his head and ran toward him he shot him; that he didn't know how many times he shot him; that he (appellant) was badly scared; that N. J. Maiden was near deceased when he (appellant) fired; that he did not intend to shoot N. J. Maiden, but that he accidentally shot him. There was no question in the case of provoking the difficulty.

The court failed to submit appellant's defensive theory, that is, that he accidentally shot N. J. Maiden while defending himself against an unlawful attack on the part of Oliver Maiden. Timely and proper exception to the charge called the court's attention to the matter. Under the facts the court should have charged the jury, in substance, that if appellant shot the injured party, N. J. Maiden, while defending himself against an unlawful attack on the part of Oliver Maiden, said attack being of the nature and character as to make it reasonably appear to appellant, viewed from his standpoint at the time, that he was in danger of loss of life or serious bodily injury, and in firing upon Oliver Maiden, he struck and wounded N. J. Maiden, he should be acquitted. Johnson v. State, 288 S. W. 223.

Again appellant objected to the court's charge on the ground that it nowhere instructed the jury that if by reason of any attack made upon appellant by Oliver Maiden, or if by reason of other acts and conduct of said Oliver Maiden there was produced in the mind of appellant such a degree of rage, anger, sudden resentment, or terror as to render it incapable of cool reflection, and while in this condition appellant, intending to attack or shoot Oliver Maiden, and not

in self defense, accidentally and without intention to do so, shot and wounded N. J. Maiden, he would be guilty of no greater offense than aggravated assault. As against the attack made on Oliver Maiden, appellant's testimony raised the issue of manslaughter. The offense having been committed prior to the repeal of the statute defining manslaughter, appellant was entitled to the charge. Johnson v. State, supra.

Several witnesses testified that appellant's general reputation for being a peaceable and law-abiding citizen was good. The county attorney asked appellant's witness, Black, who had testified that appellant's reputation in the respect mentioned was good, if he had not heard about appellant laying out on a certain road in order to waylay Robert Rand. The witness answered "No." The county attorney then said in the presence and hearing of the jury, "Well, I had heard of it and thought maybe you had." Appellant objected. The court stated to the jury: "Do not pay any attention to what these lawyers do on the side." Appellant renewed his objection and moved the court to instruct the jury not to consider the statement of the county attorney. According to the bill of exception (Number 3) the court "paid no attention to the objections so interposed by defendant but proceeded with the trial." The statement of the county attorney was improper and prejudicial, and, in the state of the record, constitutes reversible error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.