19625

The STATE, Respondent, v. Douglas McArthur GRAHAM, Appellant

(196 S. E. (2d) 495)

*Messrs. Sidney T. Floyd* and *Franklin R. Dewitt,* of Conway, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

450

May 9, 1973.

LEWIS, Justice:

Appellant was convicted of manslaughter under an indictment charging him with murder and received a sentence of twelve years. Upon his trial, he admitted shooting the deceased, but claimed that he did it in self-defense. In connection with the charge on the plea of self-defense, the trial judge, over appellant's objection, instructed the jury concerning the law of mutual combat and that the plea of self-defense could not be invoked if the shooting resulted from a mutual intent to fight. The sole contention of appellant in this appeal is that the instructions concerning the law of mutual combat, although containing correct legal principles, were prejudicial because there was no evidence to sustain the submission of that issue to the jury.

To constitute mutual combat there must exist a mutual intent and willingness to fight. *Nauful v. Milligan,* 258 S. C. 139, 187 S. E. (2d) 511; and this intent may be manifested by the acts and conduct of the parties and the circumstances attending and leading up to the combat. 40 C. J. S. Homicide § 122, p. 997.

As a general rule, the plea of self-defense is not available to one who kills another in mutual combat. *State v. Jones,* 113 S. C. 134, 101 S. E. 647.

The basic principles governing the doctrine of mutual combat are thus stated in 40 C. J. S. Homicide § 122, p. 996:

"Where a person voluntarily participates in . . . mutual combat for purposes other than protection, he cannot justify or excuse the killing of his adversary in the course of such conflict on the ground of self-defense, regardless of what extremity or imminent peril he may be reduced to in the progress of the combat, unless, before the homicide is committed, he withdraws and endeavors in good faith to decline further conflict, and either by word or act, makes that fact known to his adversary, . . . "

We held in *State v. Andrews*, 73 S. C. 257, 53 S. E. 423 that, "where two persons mutually engaged in combat, and one kills the other, and at the time of the killing it be maliciously done, it is murder; if it be done in sudden heat and passion upon sufficient provocation without premeditation or malice, it would be manslaughter."

■ The evidence in this case warranted the submission of the issue of mutual combat to the jury for determination.

Appellant and deceased had quarreled prior to the day of the killing. Both had made threats against the other and appellant purchased a pistol on the night before the fatal encounter. They met in town shortly before the shooting and engaged in a heated discussion, during which appellant waved a pistol in the face of the deceased. The deceased, who apparently had no weapon at the time, then drove out of town in his truck, returning a short time later with his pistol. When the deceased returned, he parked his truck in front of a barber shop and got out with his pistol in his hand. As the deceased left his truck, appellant, who was in the barber shop and had observed the deceased's return, walked into the street, placing himself in a position where an encounter with the deceased could be expected. Appellant could see the weapon in the possession of the deceased, and the deceased knew that appellant was armed. As appellant entered the street from the barber shop, both parties fired at each other. The deceased was mortally wounded and died a short time thereafter.

There was ill-will between the parties. They had threatened each other and it is inferable that they had armed themselves to settle their differences at gun point. Under these circumstances, the apparent willingness of each to engage in an armed encounter with the other, sustained an inference that they were engaged in mutual combat at the time of the killing, and required that the issue be submitted to the jury for determination.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.