20201

Leroy GOLDEN, Petitioner-Appellant, v. The STATE BOARD OF JUVENILE PLACEMENT AND AFTERCARE, Respondent-Appellant, and State of South Carolina, Respondent.

(223 S. E. (2d) 777)

*W. Clarkson McDow, Jr., Esq.,* of Rock Hill, *for Petitioner-Appellant,*

*William L. Ferguson, Esq., Asst. Sol.,* of Rock Hill, *for Respondent-Appellee,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *John L. Choate, Asst. Attys. Gen.,* of Columbia, *for Respondent-Appellant,*

April 5, 1976.

*Per Curiam:*

The issue to be decided is whether a minor, sentenced for a definite term by the Court of General Sessions under Section 16-72, 1962 Code of Laws, may be sooner released

by the State Board of Juvenile Placement and Aftercare under the provisions of Code Section 55-50.25.

The petitioner-appellant, a minor, was convicted of the crime of rape in York County Court of General Sessions and sentenced to a term of 21 years confinement, pursuant to Section 16-72, Code of Laws of South Carolina, which provides a maximum sentence of forty (40) years. Because petitioner-appellant was thirteen years of age at the time of his sentence, the court was required to direct that any confinement be with the Department of Juvenile Corrections (now Department of Youth Services). *Ex Parte Leeke,* 257 S. C. 82, 184 S. E. (2d) 80.

Section 55-50 *et seq.,* Cumulative Supplement to the Code, creates the Department of Youth Services (D.Y.S.) and creates a Board of Youth Services as its governing body. The Board has the duty of managing, conducting and supervising the four schools of correction to which young defendants are sentenced, or committed.

Section 55-50.20 *et seq.,* Code Supplement, creates the State Board of Juvenile Placement and Aftercare. Its responsibilities are generally to counsel with juveniles committed to D.Y.S., working with them both before and after release in an effort to bring about rehabilitation.

The State Board of Juvenile Placement and Aftercare (Board) has also been granted authority in Section 55-50.25, as follows:

"The Board shall make periodic inspections, at least quarterly, of the records of persons *committed* to the custody of the Board of Youth Services and may, in its discretion, issue temporary and final discharges or release such persons conditionally and prescribe conditions for such release. (Emphasis added.)

"In the determination of the type of discharges or conditional releases granted, the Board shall consider the interests of the person involved and the interests of society

and shall employ the services of and consult with the personnel of the Reception and Evaluation Center of the Board of Youth Services. The Board may from time to time modify the conditions of discharges or conditional releases previously granted."

The trial judge's sentence, imposed on July 24, 1972, was as follows:

"The defendant is sentenced to confinement for a period of twenty-one (21) years. The defendant is to be committed to the Department of Juvenile Corrections until he reaches the age of twenty-one (21) years. If he is released from the Department of Juvenile Corrections prior to age twenty-one (21) or at any time thereafter, he is to be immediately committed to the State Department of Corrections for service of the remainder of his sentence."

Petitioner was thereafter confined at the South Carolina School for Boys in Florence until March 9, 1973, when he was conditionally released by order of the Board, acting pursuant to Section 55-50.25 of the Code.

On March 20, 1973, the Board, without a hearing, revoked petitioner's conditional release because its agents were given to understand that the trial judge was contemplating appropriate action for the enforcement of his July 24, 1972, sentence.

Petitioner filed an application for postconviction relief with the circuit court to contest the revocation. This application was denied. Both petitioner and the Board have appealed the court's order, and they raise the following question for this court's determination:

Does the Board have the authority to conditionally release a juvenile who has been sentenced by the court of general sessions to be confined for a period of twenty-one (21) years?

At the time of appellant's trial, the circuit court had exclusive jurisdiction over the crime of rape. South Carolina

Constitution (1895), Article 5, Section 1. The penaltly prescribed for that crime is set out in Section 16-72, as amended, Code Supplement, as follows:

> *"Any person* convicted of rape or assault with intent to ravish unless sentenced under the provisions of Section 16-52 shall be confined at hard labor in the State Penitentiary for a term not exceeding forty or less than five years *in the discretion of the presiding judge."* (Emphasis added.)

The circuit judge clearly had the authority, within his discretion, to sentence appellant to a definite term of imprisonment within the statutory limits unless such authority is negated by subsequent legislative enactment.

Appellants contend that Code Section 55-50.25 allows the Board, in its sole discretion, to ·conditionally release any juvenile in its custody regardless of the sentence. This construction has the effect of removing the discretion, explicitly vested in the circuit judge by Code Section 16-72, to sentence a juvenile for a definite term of years. We do not view the Act as doing so either expressly or by implication.

Code Section 55-50.30 clearly removes the authority of the circuit court under Section 16-72 to sentence a juvenile to the State Pentitentiary and requires that such sentence be served in the custody of the Board. It is not so clear that the power to impose ·a sentence for a term of years is similarly limited. That same section stipulates that a child under seventeen (17) cannot be committed *or* sentenced to any penal institution other than those ·operated by the Board. The language used indicates a difference ·between a "commitment" and a "sentence."

The Act provides for the placement of two categories of juveniles in the custody of the Board. In the· case of a delinquent, it is specified that "commitment ·shall be for an indeterminate sentence," making it clear that a juvenile placed in the custody of the Board as a delinquent cannot be given a sentence for a definite term. However; in the· case

of a juvenile convicted of a crime, the Act states that "such child may be committed for an indeterminate period. . . ." This permissive language indicates that the legislature intended to leave the trial judge with other alternatives available to him prior to passage of the Act, that is, fine or probation pursuant to Code Section 55-591 or a sentence for a definite term pursuant to Code Section 16-72. The Act merely provides an additional alternative for the trial judge's consideration *i. e.,* commitment for an indeterminate period.

This construction is supported by the use of the word "commitment" in Code Section 55-50.33 which states: "Any commitment under this article shall be full and sufficient authority to the boards . . . for the detention and keeping therein of any child until he arrives at the age of twenty-one years, unless sooner dismissed by order of the Board . . ." If *any* placement of a child with the Board is a "commitment" then the trial judge, faced with the disposition of a juvenile convicted of a less serious crime, would of necessity be required to make the choice between incarceration or place the child in jeopardy of remaining in the custody of the Board until he is twenty-one (21) for a crime which an adult would have received considerably less incarceration.

The Board has the discretion pursuant to Code Section 55-50.25 to discharge or conditionally release persons "committed" to its custody. It has no such discretion to discharge or conditionally release a person sentenced to a definite term. That power is vested solely in the Probation, Parole and Pardon Board. Section 55-551 *et seq.,* 1962 Code of Laws.

Petitioner contends that the conditional release granted to him on March 1, 1973 cannot be revoked without a hearing to establish whether or not he has breached any of the conditions of his release. The Board did not have the authority to release petitioner; therefore, such release was void. A determination that petitioner had not violated the conditions of his release will not change the re-

sult as petitioner was not entitled to a release under any conditions.

Affirmed.