20515

The STATE, Respondent, v. Darryl Lindsey WRIGHT, Appellant.

(237 S. E. (2d) 764)

*Edmund H. Robinson,* of Charleston, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Capers G. Barr, III, Sol.,* of Charleston, *for Respondent,*

September 20, 1977.

RHODES, Justice.

The appellant, Darryl Wright, was convicted by a jury of armed robbery and assault and battery of a high and aggravated nature, and received, respectively, sentences of 15 and 10 years imprisonment to be served concurrently. It is from these convictions and sentences that he appeals. We affirm.

Wright was arrested and charged, along with three other individuals, with armed robbery and assault and battery with intent to kill. Wright and one of the codefendants, Dwayne Stanley, being juveniles, were turned over to the custody of the Family Court of Charleston County. Pursuant to S. C. Code § 14-21-540 (1976),[1] a hearing was held before the judge of the Family Court and the two ju-

---

[1] This statute will be hereinafter quoted in full.

ven·les were bound over to the Court of General Sessions for Charleston County. Prior to trial, codefendants Dwayne Stanley and James Lazarus pled guilty to certain counts in the indictment and later testified against Wright at his trial. The other codefendant, Darryl Simons, has not yet been apprehended.

Although the exceptions raised in this case do not require a detailed statement of the evidence, a general statement of the nature of the crime would be helpful to the reader. The four defendants left a bar in the City of Charleston after midnight, traveled in a car belonging to the father of Wright to Murray Boulevard (better known as the Battery), and there assaulted a young man who was sitting in a parked car with his girl friend. During the ensuing struggle, one of the codefendants robbed the young woman of her pocket book and another shot the young man in the chest with a pistol. Wright remained in the car during the robbery and shooting, and was the driver when the defendants made their getaway. Lazarus and Stanley both testified that Wright owned one of the pistols they had used, that he had full knowledge they planned to commit robbery, and that he kept the motor running in the car so they could make a quick escape. On the other hand, Wright testified that he knew nothing concerning the intended commission of a robbery at the time the three individuals got out of his car, that they told him they were merely going to take a walk down the Battery, that he did not leave his motor running, and that he aided their escape only because he was frightened and did not fully know what had transpired at the time.

The first question raised by the appellant is the contention that the deferral of sentencing of the codefendants Lazarus and Stanley until after Wright's trial encouraged perjury and deprived appellant of due process of law. Lazarus and Stanley pled guilty the day before the trial of Wright commenced, but they were not sentenced until after they had testified in Wright's trial. As mentioned, these witnesses testified that Wright had foreknowledge of the armed rob-

bery. They were the only witnesses testifying for the State on this issue.

The suggestion made by appellant is that Lazarus and Stanley perjured themselves at his trial in order to curry favor with the State, and that if they had been sentenced on their pleas prior to the time they testified in Wright's case, they would have had no reason to perjure themselves. The appellant asserts that the statements allegedly given by the two witnesses out of court were inconsistent with the testimony which they gave at trial. However, appellant has failed to demonstrate perjury; his allegation is no more than that—simply an allegation. It is axiomatic that the credibility of the testimony of these witnesses is for the jury. The duty of determining which statement of the witnesses was the truthful one was a mater exclusively for the jury, which issue has been resolved against the interests of Wright.

An unsentenced codefendant is a competent witness for the State. *Taylor v. State,* 258 S. C. 369, 188 S. E. (2d) 850 (1972) ; *State v. Lewis,* 255 S. C. 466, 179 S. E. (2d) 616 (1971). Although these decisions did not consider the issue on Due Process grounds, it is exceedingly clear to us that appellant has failed to demonstrate a denial of his Due Process rights in the court's allowance of Lazarus' and Stanley's testimony before sentencing them. This ground is without merit.

The second question raised by the appellant is whether the trial judge erred in refusing to give a cautionary instruction on accomplice credibility. The appellant submitted a specific request to charge in this area, but the trial judge refused it stating he felt his general credibility charge would suffice. He further stated that the requested charge alluded to "promises or threats or rewards" and that there was no evidence of these factors in the testimony, which observation is supported by the record. The requested cautionary instruction was to the effect that the jury might properly consider any promises, threats, rewards, or hope of

reward which may have been held out to these witnesses in exchange for their testimony. In the course of his charge, the trial judge called attention to the fact that the codefendant's prior guilty pleas were not evidence in the case; and, that the jury should weigh the credibility of their testimony as they would that of the other witnesses. This charge of the trial judge was adequate and in accord with *State v. Bagwell*, 201 S. C. 387, 23 S. E. (2d) 244, 249 (1942).

The third contention of the appellant is that sentence imposed on him exceeded the maximum allowed by law. Wright was 16 years old at the time of his being bound over by the Family Court to the Court of General Sessions and at the time he was tried. Following his conviction, February 19, 1976, he was sent to the Receiving and Evaluation Center for an evaluation pursuant to S. C. Code § 24-15-510 (1976). On April 5, 1976, this Court issued its opinion in *Golden v. State Board of Juvenile Placement and Aftercare*, 266 S. C. 427, 223 S. E. (2d) 777 (1976), which held that a Court of General Sessions had the right to sentence a juvenile to a definite term of confinement. On April 12, Wright was returned to the trial judge for sentencing. Counsel for appellant took the position at sentencing that the maximum sentence that could be imposed on the juvenile was an indefinite commitment to the Board of Youth Services until appellant's twenty-first birthday. Instead, the trial judge sentenced appellant to concurrent terms of 10 and 15 years to be served in youth facilities until appellant reaches the age of twenty-one years. Appellant concedes that if *Golden* is applied to the present circumstance, the sentence imposed by the trial court is fully within its authority. Appellant's counsel was granted permission to argue against our decision in *Golden* and forcefully argued what he construes to be the legislative intent of S. C. Code § 24-15-510 (1976). We, however, are not in agreement with his reasoning and adhere to our ruling in *Golden*.

Wright further contends that *Golden* should not be applied in this case because the Family Court hearing which resulted in waiving its jurisdiction took place before *Golden* was decided. He asserts that the prevailing interpretation of Section 24-15-510 prior to *Golden* was that a sentence for a term of years could not be imposed upon a juvenile in any court and that, consequently, the waiver of Family Court jurisdiction did not operate so as to change the maximum sentence allowable. Counsel states that *Golden* should not, therefore, be given "retroactive force". The answer to this contention is that the statute in question was never interpreted by this Court in the area with which we are here concerned prior to *Golden,* and, thus, there can not be said to have been any change of the law by reason of *Golden.* This argument is rejected.

In the fourth question, appellant argues that the Family Court Judge abused his discretion and failed to follow the mandate of S. C. Code § 24-15-510 (1976) by waiving jurisdiction over the appellant. Section 14-21-540 of the 1976 S. C. Code of Laws reads as follows:

§ 14-21-540 *Transfer of certain criminal cases from family court to other courts.*—If a child sixteen years of age or older is charged with an offense which would be a misdemeanor or felony if committed by an adult, and if the court, after full investigation, deems it contrary to the best interests of such child or of the public to retain jurisdiction, the court may, in its discretion, acting as committing magistrate, bind over such child for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

Since the juveniles were over sixteen years of age, the Family Court Judge held a hearing and received extensive testimony from one of the robbery victims, testimony from two police detectives who investigated the case, and a statement previously given by appellant acknowledging his involvement. The appellant was represented at this hearing by

counsel who was permitted to argue fully his client's position. The Family Court Judge found that due to the seriousness of the offenses, it would be contrary to the best interests of the public to retain jurisdiction, and the case was bound over to General Sessions Court. The appellant contends that the record does not indicate that a "full investigation" was made as required by statute nor does it contain specific findings as to why the jurisdiction was "contrary to the best interest of the child or the public". The above quoted statute, upon which appellant bases his argument, includes no express requirement that detailed findings of the judge be placed in the record. In our opinion, the ruling of the Family Court Judge was in accordance with the greater weight of the evidence, and we find no abuse of discretion. While more complete findings in the Order would have been appropriate, we cannot say that the statute requires them nor can we say that the absence of them would be sufficient to divest the Court of General Sessions of jurisdiction.

The fifth and last question raised by the appellant is: Was the trial court's denial of appellant's motion for a new trial based on after discovered evidence an abuse of discretion? At Wright's trial, as we have stated, both Stanley and Lazarus gave damaging testimony against the appellant. Appellant states that Stanley offered a partial recantation of his testimony at a later point in the trial but, apparently because the recantation was only partial, the appellant's counsel decided not to call him as a witness. On April 12, 1976 (the trial having been held in February 1976), Stanley gave appellant's counsel an affidavit to the effect that his trial testimony was false and that he had agreed with Lazarus, prior to the trial, to offer the false testimony in the belief that he and Lazarus would receive a lighter sentence.[2] These facts were presented to the court at the hearing (at which Stanley testified) on the motion for a new trial based on after discovered evidence. Judge Singletary in overruling the motion stated:

[2] Lazarus and Stanley ultimately received substantially the same sentence as the appellant.

"I don't think the testimony is believable. We apparently have at least three versions now, if not more, from the witness, and a good deal of it is not after-discovered, some of it may be, because he changed his second version. We now have a third version. I don't believe it. I deny the motion."

The trial judge has the power to weigh the credibility of newly discovered evidence offered in support of a motion for a new trial. *State v. Wells*, 249 S. C. 249, 263, 153 S. E. (2d) 904·(1967). We feel that the conclusion reached by Judge Singletary is amply supported by the evidence and there was no abuse of discretion. We have said that " '[r]e-cantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as ground for a new trial.' *State v. Whitener*, 228 S. C. 244, 89 S. E. (2d) 701." *State v. Mayfield*, 235 S. C. 11, 35, 109 S. E. (2d) 716, 729 (1959). It is to be noted that Lazarus, whose testimony was to the same effect as Stanley's at trial, has not recanted.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.