## 20554

The STATE, Respondent, v. James R. PORTER, Appellant.
(239 S. E. (2d) 641)

*William C. Tindal,* of *Yarborough, Bell & Tindal, Lan-caster* and *Thomas B. Barrineau, Jr.,* of Winnsboro *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, and Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *William R. Hare, Sol.,* of Chester, *for Respondent,* ▮▮▮

November 30, 1977.

Ness, Justice:

Appellant was convicted of assault and battery of a high and aggravated nature on an indictment for assault and battery with intent to kill. Finding no error, we affirm.

Appellant, a North Carolina resident, owns land in Lancaster County, South Carolina, where he raises pigs. On September 20, 1975, he drove to Lancaster County investigating a report that two of his pigs had escaped from their pen and in the course of his search he entered the property of Harry Slagle. Slagle and his guests, including James

Moore and Emmitt Williams, who were all strangers to appellant, disavowed any knowledge of the missing pigs. Appellant, nevertheless, persisted to return to Slagle's property at least several times despite warnings by Slagle accompanied by threatening gunshots.

Appellant returned to Slagle's home one final time with his son-in-law, Donnie Sanders. This confrontation resulted in an exchange of gunfire in which Moore was severely wounded and Slagle slightly grazed. The prosecuting witnesses testified that appellant initiated the gunfire while the appellant contended that he shot in self-defense only after Slagle began shooting.

Subsequent to appellant's conviction, both Moore and Williams recanted their testimony stating that Moore was too inebriated to remember what had transpired that day. Appellant's motion for a new trial based on after-discovered evidence was denied.

Motions for a new trial based on after-discovered evidence are addressed to the sound discretion of the trial judge. *State v. Clamp*, 225 S. C. 89, 80 S. E. (2d) 918 (1954); *State v. Wells, et al.*, 249 S. C. 249, 153 S. E. (2d) 904 (1967).

"The credibility of newly-discovered evidence offered in support of a motion for a new trial is a matter for determination by the circuit judge to whom it is offered. In him, not this court, resides the power to weigh such evidence; and his judgment will not be disturbed except for error of law or abuse of discretion. *State v. Corn*, 224 S. C. 74, 77 S. E. (2d) 354.

'Recantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as ground for a new trial.' *State v. Whitener*, 228 S. C. 244, 264, 89 S. E. (2d) 701." *State v. Mayfield*, 235 S. C. 11, 34-35, 109 S. E. (2d) 716, 729 (1959).

Under the facts of this case and the guidelines regarding after-discovered evidence, we are unable to conclude that the trial judge committed error in failing to grant appellant a new trial. *State v. Mayfield, supra; State v. Wright,* 237 S. E. (2d) 764 (1977).

Appellant next asserts error on the part of the trial judge in refusing to charge the law on "transferred self-defense." This legal theory is recognized in some jurisdictions to absolve a defendant who injuries an innocent third party while attempting to defend himself from bodily harm. See 55 A. L. R. (2d) 623. In appropriate cases the failure to charge such a theory has been held to be reversible error. *State v. Clifton,* 290 N. E. (2d) 921 (Ohio 1972); *State v. Fielder,* 50 S. W. (2d) 1031 (Mo. 1932); *Johnson v. State,* 288 S. W. 223 (Texas 1926). We need not now pass on the viability of this theory in South Carolina since we believe appellant received a more favorable charge than he was entitled to under the law of self-defense in this State.

As a general rule, the plea of self-defense is not available to one who kills another while engaging in mutual combat. *State v. Jones,* 113 S. C. 134, 101 S. E. 647 (1919); *State v. Graham,* 260 S. C. 449, 196 S. E. (2d) 495 (1973). In *Graham,* the defendant and the deceased had quarreled and threatened one another prior to the shooting. The defendant was in a barber shop when he observed the deceased alight from his truck with a pistol in his hand. Inasmuch as the defendant then walked into the street and placed himself in a position where an encounter could be expected, this Court held that he could not plead self-defense.

In the instant case, appellant returned with a gun to Slagle's property at least twice in spite of prior verbal abuse, threats and gunshots. In our opinion, the law

in this State with respect to mutual combat obviated a plea of self-defense.

Appellant's remaining exception is without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.