**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5104**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONAVAN A. BAPTISTE, a/k/a Donovan A. Baptiste,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:11-cr-00347-DCN-1)

Submitted:  April 25, 2012        Decided:  May 15, 2012

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher W. Adams, CHRISTOPHER W. ADAMS LAW OFFICE,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Sean Kittrell, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donavan A. Baptiste pleaded guilty, without a plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced to seventy-eight months' imprisonment and three years of supervised release. Baptiste appeals the district court's application of a four offense level enhancement for possession of a firearm "in connection with another felony offense" in calculating his advisory Guidelines sentencing range. We affirm.

We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors such as improperly calculating the Guidelines range. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

The Guidelines require the addition of four offense levels if a defendant used or possessed a firearm "in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2010). "The government bears the burden of proving the facts necessary to establish the applicability of

2

this enhancement by the preponderance of the evidence, and we review the district court's findings of fact for clear error, giving due deference to the district court's application of the Guidelines to the facts." United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001). If the defendant presents evidence arguably supporting self-defense or another valid defense, "the government ha[s] to negate that defense by a preponderance of the evidence for the § 2K2.1(b)(6) enhancement to apply." United States v. Raglin, 500 F.3d 675, 677 (8th Cir. 2007). In assessing a district court's application of the Guidelines, this court reviews legal conclusions de novo. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).

Here, Baptiste not only illegally possessed a firearm, but also pointed it at an occupied vehicle and shot it nine times. Baptiste claims that he only did so in self-defense and thus did not possess the firearm in connection with another felony offense. Baptiste does not challenge the district court's finding that, absent self-defense, he possessed the firearm in connection with the South Carolina felonies of pointing and presenting a firearm and aggravated assault.

To be eligible for self-defense in South Carolina, "the defendant must be without fault in bringing on the difficulty." State v. Slater, 644 S.E.2d 50, 52 (S.C. 2007). Self-defense is not available to one who engages in mutual

3

combat.  State v. Graham, 196 S.E.2d 495, 495 (S.C. 1973); State v. Porter, 239 S.E.2d 641, 643 (S.C. 1977).  Relying on the facts contained in Baptiste's written statements to law enforcement officers, we find support for the Government's contention that Baptiste was not without fault in bringing on the situation that led to his use of the firearm.  In response to his feeling that "something was gonna happen," Baptiste armed himself and leaned against his friend's car rather than seeking to avoid a confrontation.  In doing so, Baptiste placed himself in a position where an encounter could be expected.  See Slater, 644 S.E.2d at 52; Graham, 196 S.E.2d at 495-96; Porter, 239 S.E.2d at 643.  Thus, the district court did not err in finding by a preponderance of the evidence that Baptiste possessed the firearm in connection with another felony offense.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED