**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Andre Tayson Boone, Appellant.

Appellate Case No. 2008-090386

---

Appeal From Richland County
William P. Keesley, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-155
Heard April 1, 2013 – Filed April 17, 2013

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Melody Jane Brown, and Solicitor Warren B. Giese, all of Columbia, for Respondent.

---

**PER CURIAM:** Andre Boone appeals his conviction for murder, arguing the trial judge erred in instructing the jury on mutual combat because it shifted the burden and was inappropriate given the facts of the case. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved for appeal where one ground is raised below and another ground is raised on appeal); *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 325 (Ct. App. 2002) (stating the trial court's duty is to give a requested instruction that correctly states the law applicable to the issues and is supported by the evidence); *Jackson v. State*, 355 S.C. 568, 571, 586 S.E.2d 562, 563 (2003) ("Mutual combat exists when there is 'mutual intent and willingness to fight.'" (quoting *State v. Graham*, 260 S.C. 449, 450, 196 S.E.2d 495, 495 (1973))); *id.* ("Mutual intent is 'manifested by the acts and conduct of the parties and the circumstances attending and leading up to the combat.'"); *State v. Taylor*, 356 S.C. 227, 235, 589 S.E.2d 1, 5 (2003) ("The mutual combat doctrine is triggered when both parties contribute to the resulting fight."); *id.* at 232, 589 S.E.2d at 3 ("Whether or not mutual combat exists is significant because 'the plea of self-defense is not available to one who kills another in mutual combat.'" (quoting *Graham*, 260 S.C. at 450, 196 S.E.2d at 495)); *Graham*, 260 S.C. at 451, 196 S.E.2d at 496 (finding a mutual combat charge was proper where appellant and deceased had quarreled prior to the killing, each knew that the other was armed with a pistol, and each fired his gun at the other); *State v. Mathis*, 174 S.C. 344, 348, 177 S.E. 318, 319 (1934) (holding there was no error in charging and arguing the law of mutual combat because there was testimony the appellant and the deceased were on the lookout for each other; were armed in anticipation of a combat; each drew his pistol; and each fired upon the other); *State v. Porter*, 269 S.C. 618, 622-23, 239 S.E.2d 641, 643 (1977) (finding a mutual combat charge was proper when there was evidence the defendant had returned with a gun to one victim's property at least twice in spite of prior verbal abuse, threats, and gunshots); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) (providing the court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant to warrant reversal); *State v. Buckner*, 341 S.C. 241, 247, 534 S.E.2d 15, 18 (Ct. App. 2000) ("[I]n determining whether the error was harmless, we must determine beyond a reasonable doubt that the error complained of did not contribute to the verdict."); *State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) ("A person is justified in using deadly force in self-defense when: (1) [t]he defendant was without fault in bringing on the difficulty; (2) [t]he defendant . . . actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; (3) [i]f the defense is based upon the defendant's actual belief of

imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief . . . ; and (4) [t]he defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**