**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio Gordon, Appellant.

Appellate Case No. 2013-000975

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-172
Submitted March 1, 2016 – Filed April 13, 2016

**AFFIRMED**

Antonio Gordon, pro se.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, and Senior
Assistant Deputy Attorney General Donald J. Zelenka, all
of Columbia; and Solicitor Kevin Scott Brackett, of
York, for Respondent.

**PER CURIAM:** Antonio Gordon appeals the trial court's order denying his motion for a new trial based on after-discovered evidence. Gordon argues the trial court abused its discretion when it (1) found he could not file a Rule 29(b),

SCRCrimP, motion because he pled guilty, (2) misapplied the scope of review in determining Gordon's after-discovered evidence was not credible, and (3) found Gordon's evidence was not after-discovered.  Gordon also objects to an additional sustaining ground raised by the State regarding Gordon's failure to comply with the affidavit requirement, arguing the State failed to raise this ground to the trial court. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court misapplied the scope of review in determining Gordon's after-discovered evidence was not credible:  *State v. Johnson*, 376 S.C. 8, 11, 654 S.E.2d 835, 836 (2007) ("A trial [court] has the discretion to grant or deny a motion for a new trial, and [its] decision will not be reversed absent a clear abuse of discretion."); *State v. Mercer*, 381 S.C. 149, 167, 672 S.E.2d 556, 565 (2009) ("The deferential standard of review constrains us to affirm the trial court if reasonably supported by the evidence."); *State v. Porter*, 269 S.C. 618, 621, 239 S.E.2d 641, 643 (1977) ("The credibility of newly-discovered evidence offered in support of a motion for a new trial is a matter for determination by the [trial court] to whom it is offered." (quoting *State v. Mayfield*, 235 S.C. 11, 34, 109 S.E.2d 716, 729 (1959))); *id.* ("Recantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as [a] ground for a new trial." (quoting *Mayfield*, 235 S.C. at 35, 109 S.E.2d at 729)); *State v. Wright*, 269 S.C. 414, 420-21, 237 S.E.2d 764, 767-68 (1977) (finding evidence supported the trial court's determination the recanted testimony of one of the witnesses was not believable, noting the other witness against the appellant had not recanted); *State v. Harris*, 391 S.C. 539, 544-45, 706 S.E.2d 526, 529 (Ct. App. 2011) (finding the record supported the trial court's assessment that the circumstances surrounding the witness's recantation of his trial testimony and his testimony during the hearing caused it to find the recantation testimony unreliable and noting the issue came "down to a matter of the credibility of the witnesses, which [should be left] to the trial court's discretion").

2.  As to the remaining issues:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.