**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shameen Coker, Appellant.

Appellate Case No. 2016-001779

———————

Appeal From Beaufort County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-418
Submitted October 1, 2017 – Filed November 8, 2017

———————

**AFFIRMED**

———————

Tricia A. Blanchette, of Law Office of Tricia A. Blanchette, LLC, of Leesville, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, and J. Robert Bolchoz, of Robert Bolchoz, LLC, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978) ("The granting of a new trial because of after-discovered evidence is not favored, and this [c]ourt will [affirm] the [trial] court's denial of such a motion unless there appears an abuse of discretion."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("The credibility of newly-discovered evidence is for the trial court to determine."); *State v. Spann*, 334 S.C. 618, 619-20, 513 S.E.2d 98, 99 (1999) ("In order to prevail in this new trial motion, appellant must show the after-discovered evidence: (1) is such that it would probably change the result if a new trial were granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching."); *State v. Porter*, 269 S.C. 618, 621, 239 S.E.2d 641, 643 (1977) ("Recantation of testimony ordinarily is unreliable and should be subjected to the closest scrutiny when offered as ground for a new trial." (quoting *State v. Whitener*, 228 S.C. 244, 261, 89 S.E.2d 701, 709 (1955))); *Johnson v. Catoe*, 345 S.C. 389, 400, 548 S.E.2d 587, 592-93 (2001) (holding a trial result would probably not change after making a determination that a witness's testimony was not credible because it was inconsistent).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.