**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**St. John TYLER, Jr., Defendant-Appellant.**

**No. 84CA0939.**

Colorado Court of Appeals, Div. I.

April 17, 1986.

Certiorari Denied Nov. 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, St. John Tyler, Jr., appeals the judgments of conviction entered upon jury verdicts finding him guilty of attempted first degree murder, attempted second degree murder, two counts of first degree assault, first degree burglary, and a crime of violence. He also appeals his sentences of eight years as to the attempted second degree murder, and twelve years on each of the other convictions all running concurrently. According to the mittimus, the sentences as to the two counts of first degree assault and the first degree burglary were in the aggravated range pursuant to the conviction of crime of violence. We affirm in part, reverse in part, and remand for resentencing.

Defendant's convictions stem from his shooting of his former girlfriend and her boyfriend. On the morning of the shooting, defendant went to see his former girlfriend at her residence, bringing with him a gun and three bullets. Though no one was at her house when he arrived, he went in anyway to wait for her. When the former girlfriend and her current boyfriend arrived, a confrontation ensued, and defendant shot the boyfriend in the chest. Then, in the midst of a struggle with his former girlfriend, he shot and missed her; however, as she began to crawl away, he shot again hitting her in the back of the neck. The resultant injuries to the two victims were not serious and both were discharged from the hospital the day after the shooting.

## I.

■ Defendant first challenges the jury instructions defining "deliberation." While one of the jury instructions correctly defined the term "after deliberation" as it is defined in § 18–3–101(3), C.R.S. (1978 Repl. Vol. 8), another instruction erroneously stated the following:

"The element of deliberation is established by proof of the formed intent to kill, and length of time is not a determi-

native factor. The only time requirement for deliberation within the meaning of the first degree murder statute, is an interval sufficient for one thought to follow another."

In *Key v. People,* 715 P.2d 319 (Colo. 1986), the Supreme Court ruled that the giving of a jury instruction substantially similar to this one is error because it is constitutionally deficient. That ruling is dispositive here.

■ Despite the constitutional deficiency, *Key v. People, supra,* directs us further to consider whether the error was harmless beyond a reasonable doubt. In making that determination in the context of an erroneous jury instruction on a culpable mental state, two factors must be considered: First, whether from the given jury instructions as a whole, the jury must have found that the defendant acted with the required mental state; second, whether the evidence on the issue of mens rea was overwhelming. *Key v. People, supra; see People v. Blair,* 195 Colo. 462, 579 P.2d 1133 (1978).

■ As mentioned above, one of the jury instructions defined "after deliberation" in terms identical to those in § 18–3–101(3), C.R.S. (1978 Repl. Vol. 8). In light of that instruction, we do not believe that the erroneous instruction permitted the jury to return a guilty verdict without finding that defendant attempted to kill the girlfriend "after deliberation." *See Key v. People, supra.* The jury here found defendant guilty of attempted second degree murder with respect to the boyfriend, but guilty of attempted first degree murder as to the girlfriend. The additional evidence was that after defendant first fired at, but missed, the former girlfriend, he fired a second shot as she tried to crawl away. In addition, defendant came to the apartment carrying the weapon with three rounds of ammunition. These facts are sufficient to show the element of deliberation to an overwhelming degree. In the face of this evidence, the erroneous instruction could not have confused and misled the jury as to the proper definition of the essential element of deliberation.

Because the error here was harmless beyond a reasonable doubt, judgment of conviction regarding the attempted first and second degree murder counts is affirmed.

## II.

Defendant next argues that there was insufficient evidence of serious bodily injury so as to convict defendant of first degree assault under § 18–3–202(1)(a), C.R.S. We agree.

"Serious bodily injury" is defined in § 18–1–901(3)(p), C.R.S. (1978 Repl. Vol. 8) as:

"[B]odily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

The plain language of this definition focuses on the "injury the victim actually suffered rather than the risk to the victim posed by the defendant's conduct." *Stroup v. People,* 656 P.2d 680 (Colo.1982); *see People v. Sheldon,* 198 Colo. 519, 602 P.2d 869 (1979).

We note that § 18–1–901(3)(p), C.R.S. (1985 Cum.Supp.) (effective March 1, 1985) includes within the definition of "serious bodily injury," "a substantial risk of serious permanent disfigurement, or a substantial risk of protracted loss or impairment of the function or any part or organ of the body." However, under the statute as in effect at the time of defendant's conviction, *Stroup v. People, supra,* is dispositive.

■ The attending physician testified here that the bullet which hit the boyfriend had a "great *potential* for serious bodily injury." Yet, he agreed that no damage was done to any of the boyfriend's vital organs. Similarly, he testified that the bullet hitting the former girlfriend had lethal *potential.* However, he stated that the former girlfriend suffered a "non-serious injury."

This testimony improperly focused on the risk to the victim rather than on the resultant injury the victim actually suffered. Therefore, as in *Stroup v. People, supra,* the trial court erred in allowing the testi-

mony to be considered by the jury over defense counsel's objection.

■ Nevertheless, as in *Stroup v. People, supra,* there was overwhelming testimony here that the victims did suffer "bodily injury," as defined by § 18–1–901(3)(c), C.R.S. (1978 Repl. Vol. 8). Therefore, judgment of conviction should be entered for two counts of second degree assault in lieu of the two counts of first degree assault.

### III.

■ Defendant next challenges his sentences under the violent crime statute. He argues he was subjected to double punishment, which was violative of his right to equal protection under the law, because the basis for sentencing him in the extraordinary aggravated range was his use of a deadly weapon which was also an essential element of the substantive offense of first degree assault. Although defendant's judgments of conviction for first degree assault are here reversed, defendant's challenge is nevertheless valid because the applicable second degree assault crime under § 18–3–203(1)(b), C.R.S., includes use of a deadly weapon as an essential element. Based on the cases of *People v. Powell,* 716 P.2d 1096 (Colo.1986) and *People v. Haymaker,* 716 P.2d 110 (Colo.1986), we disagree with defendant that he was denied equal protection of the law.

There, the Supreme Court expressly denied validity to the arguments raised by defendant, and disapproved of *People v. Montoya,* 709 P.2d 58 (Colo.App.1985) (*cert. granted* November 18, 1985). *People v. Haymaker, supra.* Therefore, the trial court may use § 16–11–309, C.R.S. (1985 Cum.Supp.) in enhancing defendant's sentence.

### IV.

■ Defendant's contention regarding error with respect to the denial of his motion for mistrial, which followed a witness' testimony regarding a bench warrant against defendant, lacks merit. The denial was within the sound discretion of the trial court, and the record does not support defendant's contention that his rights were substantially prejudiced. *See People v. Abbott,* 690 P.2d 1263 (Colo.1984); *People v. Smith,* 620 P.2d 232 (Colo.1980).

We need not reach defendant's final contention in view of our reversal of defendant's convictions of first degree assault.

The judgments of conviction of attempted first degree murder, attempted second degree murder, and first degree burglary are affirmed. The judgments on the two counts of first degree assault are reversed, and the cause is remanded for entry of new judgments of conviction on the second degree assault counts and for resentencing consistent with this opinion.

BERMAN and TURSI, JJ., concur.