**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Sergio CUEVAS, Defendant-Appellant.**

**No. 85CA0959.**

Colorado Court of Appeals,
Div. IV.

May 28, 1987.

Rehearing Denied June 25, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Jonathan Willett, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Sergio Cuevas, appeals a judgment of conviction entered upon a jury verdict of guilty of three counts of attempted second degree murder, three counts of crime of violence, and engaging in a riot. We reverse.

The evidence at trial established that defendant was associated with a group that

called themselves "the Califas." The victims belonged to a group called "Los Meadows." There was a history of antagonism between the two groups which had resulted in repeated violent altercations in the nine months prior to the subject incident.

One of the victims testified that on the night of the offenses, several members of Los Meadows were driving around looking for members of the Califas, with the intent of engaging in a fight with them. They discovered a number of Califas standing in a cul-de-sac, drinking. The Los Meadows jumped out of their cars, and the Califas hid behind their cars. The Los Meadows armed themselves with rocks, a pool cue, and a tire iron, and began to advance toward the Califas. Defendant then opened fire with a handgun, wounding three of the Los Meadows. One of the Los Meadows fired six shots back, and, when he paused to reload, the Califas left in their cars.

At trial, the court instructed the jury on the affirmative defense of self-defense contained in the pattern jury instruction, *COLJI–Crim.* No. 7:16 (1983). The court also instructed the jury:

> "A person is not justified in using physical force upon a person if:
> "The physical force involved is the product of a combat by agreement not specifically authorized by law."

◼ On appeal, arguing that there was no evidence concerning combat by agreement, defendant asserts that it was error to instruct the jury on that concept. We conclude that, although the evidence was sufficient to create a factual issue for the jury to determine, thus justifying giving the instruction, that instruction standing alone did not adequately instruct the jury on the issue.

A jury instruction is erroneous if it is misleading. *People v. Alexander,* 663 P.2d 1024 (Colo.1983).

The combat by agreement instruction which the trial court gave is based on § 18–1–704(3)(c), C.R.S. (1986 Repl.Vol. 8B), which provides:

> "Notwithstanding the provisions of subsection (1) of this section [concerning use of physical force in defense of a person],

a person is not justified in using physical force if:

> . . . .
>
> "The physical force involved is the product of a combat by agreement not specifically authorized by law."

"Combat by agreement" is not further defined by the statute.

In the only Colorado case dealing with combat by agreement, *Eckhardt v. People,* 126 Colo. 18, 247 P.2d 673 (1952), the court stated:

> "Ordinarily the defense of self-defense in strictly mutual combat is not allowable, but a limitation on the right of self-defense does not arise alone from the fact that the two parties here were mutually engaged in a . . . fight. An agreement to combat and finish their troubles must exist and must be in the nature of an antecedent agreement to so fight."

◼ Here, the jury should have been instructed as to the elements which must be proved by the prosecution in order to establish the limitation on the right of self-defense. As stated in *Eckhardt, supra,* these are: an agreement to fight must exist between the parties, and the agreement must have been entered into prior to the beginning of the combat. Without such an instruction, the jury had no guidelines to determine whether the limitation had been proven. In addition, the jurors should have been instructed that if they were to find that there was a combat by agreement, then self-defense was not established; and, conversely, if they were to find that there was at least a reasonable doubt as to there being combat by agreement, then they should consider whether defendant was acting in self-defense.

Without these additional instructions, the instruction was misleading. Hence, the conviction must be reversed.

Defendant also contends that the court erred in giving the pattern jury instruction on self-defense which states that defendant had the right to use force to defend himself from the use of unlawful physical force "by the victim." *COLJI–Crim.* No. 7:16

(1983). Defendant argues that under the facts here the court should have instructed the jury to consider the degree of threat posed by the multiple assailants.

 The totality of the circumstances, including the number of persons who reasonably appeared to have been a threat to the defendant, should be considered by the jury in determining whether the defendant's use of force was necessary and reasonable. *People v. Jones*, 675 P.2d 9 (Colo. 1984). Here, although the instruction given does not constitute plain error, it should be more clearly stated on retrial in order to address the fact that multiple assailants were involved.

Because defendant's remaining contention of error is unlikely to occur on retrial, we do not address it.

The judgment is reversed and the cause is remanded for a new trial.

HODGES and SILVERSTEIN[*], JJ., concur.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).