**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Frank Robert BEASLEY, Defendant–Appellant.**

**No. 87CA0617.**

Colorado Court of Appeals, Division II.

June 1, 1989.

As Modified on Denial of Rehearing July 13, 1989.

Norman S. Early, Jr., Dist. Atty., and Joan C. White, Deputy Dist. Atty., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

RULAND, Judge.

Defendant, Frank Robert Beasley, appeals from the judgment entered upon jury verdicts convicting him of second degree murder, first degree assault, and two counts of crime of violence. We reverse and remand the case for a new trial.

The events which culminated in this homicide began when two cars left a night club at about closing time. In one vehicle were three men, the driver, defendant, and a second passenger. Four men, the driver and three passengers, occupied the other vehicle. As the two vehicles traveled side by side, insulting gestures and remarks were exchanged, and an occupant of each vehicle demanded that the other "pull over." Eventually both vehicles stopped near one another on a dark side street.

Occupants of both vehicles exited. The events and chronology of the ensuing fight are in significant dispute, but there appears to be general agreement that: (1) defendant's fellow passenger fired a pistol; and (2) defendant was tackled by someone from the other car. After being tackled, defen-

dant retrieved the pistol that had been dropped by his fellow passenger, and he fired several shots, injuring one person and killing another.

## I.

■ The defendant claimed that he acted in self-defense. Over the defendant's objection, the trial court instructed the jury pursuant to § 18–1–704(3)(b) C.R.S. (1986 Repl.Vol. 8B) that the defendant could not rely on this defense if he was the "initial aggressor." The defendant contends that the giving of this instruction was error, and we agree.

■ Although defendant may have participated in the exchange of insults between the cars, insults alone do not make one the initial aggressor. *See People v. Winn*, 540 P.2d 1114 (Colo.App.1975) (not selected for official publication); *see also Goldblatt v. Chase*, 121 Colo. 355, 216 P.2d 435 (1950) (words alone do not justify an assault). Furthermore, viewing the evidence in a light most favorable to the prosecution, one must conclude that a fight between the defendant's fellow passenger and the decedent was already in progress when the defendant was first tackled.

■ In construing § 18–1–704(3)(b), we look first to the words of the statute to establish legislative intent. Unless an absurd result is reached by that process, the words must be accorded their plain and ordinary meaning. *People v. Deadmond*, 683 P.2d 763 (Colo.1984). In that context it is apparent that "initial" means first. *See Webster's Third New International Dictionary* 1163; *see also People v. Dillon*, 655 P.2d 841 (Colo.1982). In determining whether the "initial aggressor" instruction is appropriate in a case such as this in which hostilities commence among a group of individuals and escalate to a conclusion without interruption, the conduct of the defendant in the context of the developing situation must be the focus of any analysis of his right to self-defense. *See People v. Jones*, 675 P.2d 9 (Colo.1984).

■ Here, inasmuch as there was no basis for the jury to find that defendant initi-

ated the physical conflict, it was misleading to instruct the jurors on the "initial aggressor" concept. By giving such an instruction, the court may have induced the jurors to characterize the defendant as the first aggressor even though another individual actually started the conflict and thereby unjustifiably to conclude that defendant lost his right of self-defense. Hence, the giving of this instruction constitutes reversible error. *See People v. Alexander*, 663 P.2d 1024 (Colo.1983).

## II.

The defendant also contends that the trial court erred in instructing the jury that his right of self-defense was lost if he acted pursuant to "combat by agreement" as referred to in § 18–1–704(3)(c) C.R.S. (1986 Repl.Vol. 8B). Whether this instruction should be given in a new trial depends upon the evidence presented as well as whether the instruction is requested. If the instruction is requested and if the evidence develops on retrial in the same manner as in the record before us, we agree that additional instruction on this issue will be necessary.

There was evidence from which the jury could reasonably believe that some of the occupants of both vehicles had, in effect, initially entered into a mutual agreement to resolve their dispute by a fist fight. However, there is no evidence that anyone was aware, until defendant's fellow passenger exited the vehicle, that the passenger carried a deadly weapon. And, the evidence is in conflict as to: (1) whether the passenger fired the weapon, warned the occupants of the other vehicle to "stand back" in an effort to stop the impending fight, and then the defendant acquiesced in this effort by attempting to re-enter his vehicle; or (2) whether the passenger's objective was to initiate the fight intending to wound or kill the occupants of the other vehicle, and defendant joined in this endeavor.

On this state of the record, it was error not to supplement the instruction on "combat by agreement." *See People v. Berry*, 703 P.2d 613 (Colo.App.1985) (if instruction on self-defense is misleading, it should be

supplemented). Specifically, the jury should be initially instructed that it must determine whether there was an antecedent agreement to fight as required by *People v. Cuevas*, 740 P.2d 25 (Colo.App. 1987). If the evidence so warrants, the jury should then be further instructed that if defendant's fellow passenger intended, by discharging the firearm, to terminate any agreement to combat, that he communicated that intent to occupants of the other vehicle, and that the defendant acquiesced in the passenger's decision, then the defendant's right of self-defense was reinstated. *See State v. Graham*, 260 S.C. 449, 196 S.E.2d 495 (1973).

■ The basis for our conclusion on this issue stems from the nature of any agreement to fight as well as the concept of self-defense in this jurisdiction. Such an agreement, in effect, presupposes that the participants are mutual aggressors. However, if a participant determines to withdraw from combat and he effectively communicates that intent to his opponent or opponents, then the requisite intent to commit the crime charged has been abandoned. Under these circumstances, we are persuaded that the right of self-defense must be reinstated because there is no requirement in Colorado that one "retreat to the wall" before defending himself. *Enyart v. People*, 67 Colo. 434, 180 P. 722 (1919).

### III.

The defendant contends that the trial court committed plain error in instructing the jury that he could exercise the right of self-defense only if he reasonably believed that the use of unlawful force *"by the victim"* was imminent. If the evidence develops on retrial in the same manner as in the record before us, we agree that this instruction must be revised.

■ In a case such as this in which there are multiple participants in a fight, the instruction must necessarily refer to the use of unlawful force by any of the defendant's opponents. *See People v. Jones, supra.*

The defendant's other contentions lack merit.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and DUBOFSKY, JJ., concur.