The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Christopher L. **MANZANARES**, Defendant–Appellant.

No. 94CA2125.

Colorado Court of Appeals, Div. III.

Nov. 29, 1996.

Rehearing Denied Jan. 3, 1997.

Certiorari Denied Sept. 15, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, A. William Bonner, Assistant Attorney General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, C. Keith Pope, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Christopher L. Manzanares, appeals a judgment of conviction entered on a jury verdict finding him guilty of felony menacing. Defendant contends the trial court committed reversible error in denying his motions for mistrial and for judgment of acquittal, in rejecting several of his requests pertaining to instructions, and in permitting the prosecution to amend the information during trial. We affirm.

Defendant attended a party at a house with several of his friends. One of these friends became involved in an altercation with a member of another group. Defendant was not involved in the initial fight. However, afterwards he went to his car, drove around the block, returned, got out of his car, and fired a handgun.

At trial, defendant and another witness testified that defendant fired in response to shots fired by someone on the front porch of the house. Other witnesses testified defendant was the first to fire. Although several witnesses stated defendant shot at, and hit, the house, defendant testified he fired only into the air and only to scatter the crowd and protect his friends. Police investigators found no bullet holes or markings on the house.

Defendant was tried on charges of attempted first degree assault, second degree assault, and felony menacing. He was found guilty only of felony menacing.

## I.

Defendant asserts the trial court abused its discretion in refusing to grant a mistrial because of alleged juror misconduct. We disagree.

Mistrial is a drastic remedy. The trial court has broad discretion to grant or deny a mistrial, and its decision will not be disturbed on appeal absent a clear showing of abuse of that discretion and prejudice to the defendant. *People v. Chastain,* 733 P.2d 1206 (Colo.1987).

The mere possibility of prejudice resulting from the asserted juror misconduct is not sufficient to warrant reversal. *People v. Gladney,* 194 Colo. 68, 570 P.2d 231 (1977). Instead, there must be a reasonable possibility that extraneous information or influence affected the verdict. *Wiser v. People,* 732 P.2d 1139 (Colo.1987).

Here, defendant bases his argument on a juror's disclosure, after the jury had been sworn, that he had recognized defendant's father in the courtroom and that it would be difficult for him to judge defendant. The juror further stated that a prosecution witness had accompanied his son home approximately two weeks before the trial and he had asked his son not to bring home friends the juror did not know. Although the juror was later discharged, *in camera* testimony revealed he had expressed parts of this information to at least some of the remaining jurors.

However, no evidence suggests that any statements made by the discharged juror influenced or affected the verdict. *In camera* questioning revealed that two jurors had heard nothing. Three other jurors stated they had heard the discharged juror "knew somebody" but that they either paid no at-

tention to the statement or did not know whom the dismissed juror was talking about. Six jurors stated they heard the discharged juror say only that he knew defendant's father. None of the jurors remembered any statements regarding the discharged juror's son bringing home a prosecution witness.

Nothing in the record indicates the dismissed juror expressed an opinion on the substance of the case, the evidence, or any prospective witness, or made any comment that would create enmity toward or bias against defendant. Hence, the prejudice asserted was not "substantial and real." *People v. Chastain, supra,* 733 P.2d at 1213. The trial court therefore did not abuse its discretion in refusing to grant a mistrial.

## II.

■ Defendant next asserts the trial court erred in refusing to grant his motion for judgment of acquittal because the evidence was insufficient to show he knowingly placed or attempted to place the persons named in the menacing count in fear of imminent serious bodily injury. He argues that, because the victims were situated in two distinct locations in front of the house and no evidence was offered to establish that he fired in both directions, he could not have knowingly placed each of the victims in each of the locations in fear of imminent serious bodily injury. We conclude the evidence was sufficient to sustain his conviction on a single count of felony menacing.

■ A person commits felony menacing when, by the use of a deadly weapon, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Section 18–3–206, C.R.S. (1986 Repl. Vol.). Felony menacing is a general intent crime, *People v. Crump,* 769 P.2d 496 (Colo.1989), and requires only that the defendant be aware that his or her conduct is practically certain to cause the result. Section 18–1–501(6), C.R.S. (1986 Repl. Vol.); *People v. Zieg,* 841 P.2d 342 (Colo.App.1992).

■ Direct evidence need not be offered to demonstrate the defendant's awareness. Rather, the defendant's subjective awareness may be inferred from his conduct and the surrounding circumstances. *People v. District Court,* 652 P.2d 582 (Colo.1982). Indeed, what the victim saw or heard, and how the victim reacted, are relevant considerations in determining whether defendant had the requisite intent to place the victim in fear. *People v. Gagnon,* 703 P.2d 661 (Colo. App.1985).

■ When ruling on a motion for judgment of acquittal, the trial court determines whether the evidence, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). We will not disturb the trial court's ruling on appeal, absent an abuse of discretion. *People v. Palumbo,* 192 Colo. 7, 555 P.2d 521 (1976).

Here, one victim testified he saw a muzzle flash and the defendant moving towards the house, which caused him to fear being shot. A second victim testified he saw muzzle flashes and heard shots being fired. Still another victim testified he heard and saw defendant firing shots which struck the house and caused the victim to fear being shot. These statements demonstrate that the victims believed themselves to be in danger of imminent serious bodily harm.

Despite defendant's argument to the contrary, it was not necessary to prove that defendant fired at both or either location. It is sufficient that the weapon was held in the presence of another in a manner that caused the other person to fear imminent serious bodily injury. *People v. Hines,* 780 P.2d 556 (Colo.1989).

Moreover, defendant is incorrect in his assertion that it must be proved he placed each of the five named victims in fear of imminent serious bodily injury. Defendant was charged with only with one count of felony menacing. The jury was instructed that it need not find the defendant committed the offense charged against each person, but that it must unanimously agree that the defendant committed the offense against the same listed person or persons. Hence, it

was sufficient to support his conviction that the jury unanimously agreed he placed any of those five victims in fear. *See generally People v. Hansen,* 920 P.2d 831 (Colo.App. 1995).

Considering the evidence under the appropriate standard and in the light most favorable to the prosecution, we conclude the trial court did not err in denying defendant's motion for judgment of acquittal.

## III.

■ Defendant contends the trial court's instruction that he could employ self-defense to defend himself from the use of physical force or imminent physical force "by the victim" requires reversal because it deprived him of his right to act upon reasonable appearances in a confrontation involving multiple persons. We disagree.

■ Defendant did not object to the instruction either at trial or in his motion for a new trial. Hence, the standard of review on appeal is one of plain error. *People v. Frysig,* 628 P.2d 1004 (Colo.1981); *People v. Williams,* 899 P.2d 306 (Colo.App.1995). Under this standard, the record must show that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *People v. Kruse,* 839 P.2d 1 (Colo.1992); *People v. Hampton,* 857 P.2d 441 (Colo.App.1992), *aff'd,* 876 P.2d 1236 (Colo.1994).

■ Although the defendant has the right to have the jury instructed on his theory of the case, this does not mean the instruction given must be the one tendered by the defendant. *Edwards v. People,* 160 Colo. 395, 418 P.2d 174 (1966); *People v. Gracey,* 940 P.2d 1050 (Colo.App. 1996). It is sufficient that the defense theory is embodied in the instructions given by the court. *People v. Tippett,* 733 P.2d 1183 (Colo.1987); *People v. Gracey, supra.*

■ In situations involving multiple participants, the instruction must direct the trier of fact to consider the "totality of the circumstances, including the number of persons reasonably appearing to be threatening the accused." *See People v. Jones,* 675 P.2d 9, 14 (Colo.1984). Hence, the pattern jury instruction given here for self-defense, standing alone, was not sufficient. *People v. Jones, supra; People v. Beasley,* 778 P.2d 304 (Colo. App.1989).

However, the trial court gave an additional instruction which stated, "you are ... to consider the totality of the circumstances as they appeared to [the defendant], including the number of persons who reasonably appeared to have been a threat to [the defendant] or a third party." This instruction, when read in conjunction with the self-defense instruction, sufficiently communicated the law of self-defense to the jury. Hence, we cannot say the trial court committed plain error in giving these instructions. *See People v. Cuevas,* 740 P.2d 25 (Colo.App.1987).

## IV.

■ Defendant maintains the trial court committed reversible error by refusing to instruct the jury that if it found the affirmative defense of self-defense applied to any of the victims, it applied to all of them. We are not persuaded.

The instruction requested was to apply to all of the charges against defendant, not just menacing. Furthermore, we conclude that any error in refusing to give the instruction as to the crime of menacing was harmless.

The pattern instruction given advised the jury that for self-defense to apply, defendant must have acted reasonably in response to the use of, or imminent use of, force "by the victim." However, as already noted, the trial court further instructed the jury to consider the totality of the circumstances as they appeared to defendant in considering whether his use of force in defense of himself or a third party was necessary and reasonable, including the number of persons who reasonably appeared to have been a threat to defendant.

When read together, these instructions sufficiently conveyed to the jurors that they must determine whether defendant acted reasonably in firing shots, based on the totality of the circumstances as they appeared to him. We are not persuaded that the instruc-

tions created a reasonable possibility that the jury could have been misled into convicting defendant because it found that defendant acted reasonably toward one of the victims but not another. Any error was therefore harmless. *See People v. DeHerrera,* 697 P.2d 734 (Colo.1985); *People v. Tyler,* 728 P.2d 314 (Colo.App.1986); *see also People v. Taylor,* 197 Colo. 161, 591 P.2d 1017 (1979).

### V.

■ Defendant's next contention is that the trial court erred by instructing the jury that if it found defendant to be the initial aggressor he was not, absent withdrawal, entitled to the benefit of self-defense. Defendant does not assert the instruction incorrectly stated the law of self-defense, but instead claims it was unsupported by the evidence and misleading to the jury. While we agree the instruction should not have been given, we conclude the error was harmless.

■ Although an instruction is warranted when there is some evidence to support it, the trial court should not instruct on an abstract principle of law unrelated to the issues in controversy. *People v. Kurts,* 721 P.2d 1201 (Colo.App.1986). Nor should the trial court give an instruction based upon interpretations of facts unsupported by the record. *See People v. Truesdale,* 190 Colo. 286, 546 P.2d 494 (1976).

■ That the defendant may have uttered insults or engaged in arguments does not justify an initial-aggressor instruction. *People v. Beasley, supra; People v. Goedecke,* 730 P.2d 900 (Colo.App.1986)(instruction must reflect the evidence produced at trial). Moreover, one cannot acquire the status of initial aggressor by association. *See People v. Beasley, supra.*

Here, the jury was instructed that "[a] person is not justified in using physical force if, with intent to cause bodily injury or death to another person, he provoked the use of unlawful physical force by that person or he was the initial aggressor, except that his use of physical force upon another person under the circumstances is justifiable if he withdraws from the encounter and effectively

communicates to the other person his intent to do so, but the latter nevertheless continues or threatens the use of unlawful physical force."

The evidence was undisputed that defendant himself did not engage in the initial altercation. Hence, nothing that occurred in that fight provided a basis for giving the instruction.

The prosecutor nevertheless argued, and the trial court agreed, that the instruction should be given because the jury could conclude that, once defendant returned, he acted as the initial aggressor and not in self-defense. However, the only issue remaining upon defendant's return to the party was whether, by firing his pistol, he committed any of the crimes charged and, if so, whether the conduct was justified because he had acted in self-defense.

A finding by the jury that he was at that point the "initial aggressor" would be no more than a rejection of the claim of self-defense. Thus, the instruction was not appropriate in these circumstances. *See People v. Beasley, supra.* Nevertheless, reversal is not required if the error can be deemed harmless. *See People v. DeHerrera, supra; People v. Tyler, supra.* To the extent that the holding in *People v. Beasley, supra,* is to the contrary, we decline to follow it.

■ As noted, no evidence was presented indicating that defendant initiated or was in any way involved in the initial altercation. In closing arguments, the prosecutor did not refer to the initial aggressor instruction and made no attempt to characterize defendant as the initial aggressor based on any actions that took place before defendant returned to the party. Moreover, the jury acquitted defendant of the crimes charged that involved "intent to cause bodily injury or death to another person," the intent required by the initial aggressor instruction given to the jury.

Therefore, in the circumstances presented here, no reasonable possibility exists that the jury was misled by the initial aggressor instruction into concluding that defendant was the "initial aggressor" in regard to the initial altercation. Nor could the instruction have misled the jury into characterizing defendant

as the initial aggressor when he was merely defending himself. Rather, the instruction was at most cumulative of the separate instruction informing the jury that it was an affirmative defense if defendant used physical force "in order to defend himself or a third person from what he reasonably believed to be the use or imminent use of unlawful physical force by the victim" and "he used a degree of force which he reasonably believed to be necessary for that purpose."

We therefore conclude that the error in giving the initial aggressor instruction, in the circumstances presented here, was harmless. *See People v. DeHerrera, supra; People v. Tyler, supra; but cf. People v. Beasley, supra.*

## VI.

■ Defendant finally contends the trial court erred by permitting the state to remove, during trial, two of the seven originally named victims from the information. Defendant asserts these amendments were of substance, and not of form, and therefore violated Crim. P. 7(e). Once again, we disagree.

■ A criminal information serves to advise the defendant of the nature of the charges, enable the defendant to prepare a defense, and protect the defendant from further prosecution for the same offense. *People v. Thomas,* 832 P.2d 990 (Colo.App.1991).

Crim. P. 7(e) provides that the court may permit the information to be amended as to form at any time before the verdict if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. *Maraggos v. People,* 175 Colo. 130, 486 P.2d 1 (1971).

■ In evaluating whether a change in an information is a matter of substance or form we view the information prior to amendment in the context of the surrounding circumstances to determine whether it adequately advised the defendant of the charges. *See People v. Butler,* 929 P.2d 36 (Colo.App. 1996). An amendment that does not charge an additional or different offense or go to the essence of a charge is one of form, not substance. *See People v. Metcalf,* 926 P.2d 133

(Colo.App.1996); *see also People v. Rodriguez,* 914 P.2d 230 (Colo.1996); *see generally* S. Briggs, *Amending Indictments in Colorado: Rule 6.8, Colo. R.Crim. P.,* 6 Colo. Law. 764 (May 1977).

Here, the amendment did not charge an additional or different offense. Before and after the amendment defendant was charged with a single count of menacing. Nor did it go to the essence of the charge. It merely reduced the likelihood of criminal liability by reducing by two the number of victims the jury could consider in its deliberations. For the same reason, it did not prejudice, but aided, defendant. Nor did it in any way hinder his ability to demonstrate that he acted in self-defense, his theory of the case. We therefore conclude the trial court did not err by allowing the information to be amended. *See Higgins v. People,* 868 P.2d 371 (Colo.1994); *People v. Butler, supra; cf. People v. Rodriguez, supra.*

Judgement affirmed.

JONES and ROTHENBERG, JJ., concur