The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
March 22, 2018

## 2018COA38

## No. 16CA0215, People v. Palmer — Criminal Procedure — Indictment and Information — Amendment of Information

A division of the court of appeals considers whether Crim. P.
7(e) authorizes a trial court to grant the prosecution's motion to
amend an information to add a crime of violence designation once
trial has begun.  The majority concludes that because the
amendment required proof of an additional element and carried a
harsher minimum and maximum sentence, the amendment
changed the "essence of the charge" and was, therefore, substantive
(and did not merely affect the information's form).  And because
Crim. P. 7(e) only permits amendments as to form once trial has
begun, the majority concludes that the trial court abused its
discretion in granting the motion to amend once trial was
underway.

The special concurrence, on the other hand, concludes that because a crime of violence designation neither adds a new charge nor changes the essence of the charged offense, the amendment is one of form, not substance, and as such, the amendment may be granted during the course of trial, but only if doing so would not prejudice the defendant. But because the special concurrence concludes that the amendment was prejudicial, it reaches the same conclusion as the majority, albeit for a different reason.

Finally, the division rejects the defendant's contention that the trial court erred in denying her motion for a mistrial based upon a discovery violation that came to light during the course of trial.

Court of Appeals No. 16CA0215
Arapahoe County District Court No. 15CR202
Honorable Donald W. Marshall, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Danielle Palmer,

Defendant-Appellant.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE WELLING
Román, J., concurs
Dunn, J., specially concurs

Announced March 22, 2018

Cynthia H. Coffman, Attorney General, Patrick A. Withers, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Tanja Heggins, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    The defendant, Danielle Palmer, was charged by information with first degree arson. After the trial was already underway, the trial court granted the prosecution's motion to amend the information to add a crime of violence designation.

¶ 2    The amended information alleged that Palmer committed first degree arson by means of a deadly weapon. By virtue of the amendment, Palmer faced a longer prison sentence if convicted.

¶ 3    Also, during trial it came to light that the People had failed to disclose the reports of two fire investigators. This discovery violation was discovered after one of the investigators had testified but before the other had. Palmer moved for a mistrial. The trial court denied the motion, but imposed lesser sanctions.

¶ 4    On appeal, Palmer contends that the trial court erred by granting the People's motion to amend the information during the course of trial and by denying her motion for a mistrial. We agree with her first contention, but disagree with her second. With respect to the first issue, we conclude that the addition of the crime of violence designation was a substantive amendment to the information and, therefore, pursuant to Crim. P. 7(e), could not be granted after the start of trial. With respect to the second issue, we

1

conclude that the trial court did not abuse its discretion in imposing less severe sanctions than granting Palmer's motion for a mistrial. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background

¶ 5 When Palmer found out that the man she had been dating was having sex with another woman, she set fire to a bag of his things outside the front door of his apartment. The fire spread from the bag, and soon the entire apartment complex was ablaze. As a result of the fire, Palmer was charged with five counts of attempted first degree murder and one count of first degree arson.

¶ 6 The jury acquitted Palmer of attempted murder but convicted her of first degree arson and the lesser nonincluded offense of fourth degree arson. The jury also found that first degree arson was a crime of violence because Palmer used a deadly weapon — a lighter and lighter fluid. The trial court sentenced Palmer to sixteen

years in the custody of the Department of Corrections (DOC) for first degree arson as a crime of violence.[1]

## II.    Analysis

¶ 7    Palmer raises two arguments on appeal.  First, she contends that the trial court abused its discretion by allowing the prosecutor to amend the information.  Second, she argues that the trial court should have granted her motion for a mistrial because the prosecution failed to timely disclose two fire investigators' reports.  We agree with her first contention but disagree with her second.

## A.    Amendment to Information

¶ 8    The attempted murder and first degree arson offenses were not originally charged as crimes of violence.  The day before trial, however, the prosecutor moved to amend the information to designate each offense as a crime of violence.  The trial court initially denied the motion.  But on the first day of trial — after the jury had been sworn, opening statements had been delivered, and three witnesses had testified — the court sua sponte reversed its

---

[1] Palmer received a concurrent four-year sentence on the fourth degree arson conviction.

3

earlier ruling and allowed the prosecutor to amend the information to include the crime of violence designations.

¶ 9    Subject to an exception not applicable here, to convict a defendant for a crime of violence, the People must allege, in a separate count of the information, that they are pursuing the charge as a crime of violence.[2] § 18-1.3-406(3), C.R.S. 2017. The original information in this case did not include a crime of violence designation, so to pursue the arson as a crime of violence, the prosecutor needed to amend the information.

¶ 10   Under Crim. P. 7(e),

> [t]he Court may permit an information to be amended *as to form or substance at any time prior to trial*; the court may permit it to be amended *as to form* at any time before the verdict or finding if no additional or different

---

[2] The prosecutor does not have to allege a crime of violence in a separate count of the information when the defendant is charged with a per se crime of violence because in that instance the statute referenced in the information provides sufficient notice. *People v. Webster*, 987 P.2d 836, 844 (Colo. App. 1998) ("[W]hen the charged offense is an offense proscribed by a statute that specifically directs sentencing in the aggravated range, no separate count of crime of violence need be charged . . . ."). First degree arson can be a per se crime of violence if there is an allegation that the defendant used explosives. § 18-4-102(3), C.R.S. 2017. But in this case there is no allegation that Palmer used explosives.

> offense is charged and if substantial rights of the defendant are not prejudiced.

(Emphasis added.)

¶ 11     Palmer argues that the amendment to add the crime of violence designation was one of substance and therefore must have been made before trial.  We agree.

¶ 12     Crim. P. 7(e) is to be liberally construed, and we will not overturn a trial court's decision to allow the prosecution to amend an information absent a showing of an abuse of discretion.  *People v. Butler*, 224 P.3d 380, 385 (Colo. App. 2009).  A trial court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on a misapplication or misunderstanding of the law.  *People v. Fallis*, 2017 COA 131M, ¶ 5.

¶ 13     The resolution of Palmer's argument requires us to interpret Crim. P. 7(e).  We review interpretations of the rules of criminal procedure de novo.  *People v. Corson*, 2016 CO 33, ¶ 44.  In doing so, we first look at the rule's plain language; if the language is clear and unambiguous, we apply the rule as written.  *Kazadi v. People*, 2012 CO 73, ¶ 11.

¶ 14    The language of Crim. P. 7(e) contemplates two types of amendments: amendments as to form and amendments as to substance.  The language is clear that either type of amendment can be made prior to trial, but only amendments as to form can be made once trial has begun.  The rule also dictates that the trial court may reject an amendment to the form of the information during trial if the proposed amendment charges an additional or different offense or prejudices the substantial rights of the defendant.

¶ 15    Because trial was underway when the court sua sponte reconsidered its earlier decision and granted the People's motion to amend the information, the amendment runs afoul of Crim. P. 7(e) unless it "(1) *was one of form,* (2) did not charge an additional or different offense, and (3) did not prejudice [the defendant's] substantial rights."  *People v. Washam,* 2018 CO 19, ¶ 16 (citing Crim. P. 7(e)) (emphasis added).  Thus, the first step is to "determine whether the amendment was one of form or substance." *Id.*  In order to determine whether a proposed amendment is a matter of form or substance, we evaluate the original information in the context of its surrounding circumstances to determine whether

it adequately advised the defendant of the charges.  *People v. Butler*, 929 P.2d 36, 39 (Colo. App. 1996).  An amendment that charges an additional or different offense or changes the essence of a charge is one of substance.  *People v. Manzanares*, 942 P.2d 1235, 1242 (Colo. App. 1996).

¶ 16    The original information charged Palmer with arson as a class 3 felony.  *See* § 18-4-102(1), C.R.S. 2017.  That information adequately advised Palmer of her need to defend against first degree arson, and the amended information did not charge an additional or different count of arson.  But the amended information changed the essence of the arson charge in two respects.

¶ 17    First, the amendment changed Palmer's sentencing range so that a DOC sentence was mandatory and both the minimum and maximum terms of the incarceration were higher after the amendment than before.  As a class 3 felony, a first degree arson conviction carries a presumptive sentence of four to twelve years. § 18-1.3-401(1)(a)(IV), C.R.S. 2017.  Had the amendment not been made and Palmer been convicted of first degree arson, she would have been eligible for probation and faced a presumptive prison sentence of four to twelve years.  But, as discussed below, because

she was convicted of arson as a crime of violence, Palmer faced a mandatory prison sentence with a minimum term of ten years and a maximum term of thirty-two years.

¶ 18    Once a defendant is convicted of a crime of violence, he or she faces a sentence of at least the midpoint, but no more than twice the maximum, of the presumptive range.  § 18-1.3-406(1)(a).  In addition, every crime of violence is an extraordinary risk crime. § 18-1.3-401(10)(b)(XII), C.R.S. 2017.  Under the extraordinary risk statute, the presumptive sentence for a defendant convicted of a class 3 felony extraordinary risk crime is four to sixteen years, rather than four to twelve years.  § 18-1.3-401(1)(a)(V)(A), (10)(a). Therefore, applying the crime of violence statute to the presumptive range, which was extended by the extraordinary risk statute, Palmer's mandatory minimum sentence is ten years, the midpoint of the sentencing range, and her maximum sentence is thirty-two years, which is twice the presumptive maximum.

¶ 19    The increase in Palmer's potential sentence is reminiscent of *People v. Manyik*, 2016 COA 42.  In that case, the defendant faced a charge of aggravated robbery under subsection (1)(d) of the robbery statute, section 18-4-302, C.R.S. 2017.  *Manyik*, ¶ 43.  Under

subsection (1)(d), a defendant may be convicted if the robbery is committed with the use of an item in a manner in which the victim would reasonably believe it to be a deadly weapon (i.e., a simulated deadly weapon). *Id.* (citing § 18-4-302(1)(d)). After the start of trial, however, the court allowed the prosecution to amend the information to charge the defendant under subsection (1)(b), which requires proof that the defendant committed the robbery with the use of an actual deadly weapon. *Id.* at ¶ 44 (citing § 18-4-302(1)(b)). The amended charge, unlike the original one, was a per se crime of violence. § 18-4-302(3). This amendment was significant because a defendant convicted of aggravated robbery as originally charged was eligible for a sentence commensurate with a class 3 felony extraordinary risk crime. *Id.* But a robbery conviction under the amended information would mean that a trial court had to impose an increased sentence under the crime of violence statute.

¶ 20    The *Manyik* division concluded that the trial court abused its discretion in granting the prosecution's motion to amend because the amended charge subjected the defendant to mandatory sentencing that the original charge did not. *Manyik*, ¶ 49. Therefore, the division concluded the amendment was substantive.

9

*Id.* The same is true here. By virtue of the amendment, Palmer faced a more serious sentence than the one she believed she would face when trial began.

¶ 21    The second way the amendment changed the essence of the first degree arson charge was that it required proof of an additional element — namely, the use of a deadly weapon. Before the amendment, Palmer was aware that the prosecutor needed to prove that she knowingly set fire to, burned, or caused to be burned a building or occupied structure of another without his consent. § 18-4-102(1). After the amendment, however, the prosecutor needed to prove that Palmer committed the arson with a deadly weapon. § 18-1.3-406(2)(a)(I). The injection of this additional element changed what the prosecution was required to prove at trial. Until the motion to amend was granted, Palmer had no notice that she would need to defend against such an allegation. *See* 5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure* § 19.5(c), at 380 (4th ed. 2015) ("Amendments are said to be substantive if they change any 'essential facts that must be proved to make the act complained of a crime.'" (quoting *Brown v. State*, 400 A.2d 1133, 1136 (Md. 1979))). Further, unlike

the situation where the prosecutor amends the information to bring a habitual criminal count, the amendment to the information in this case changed the facts that needed to be proved to the jury's satisfaction *at trial*, and not simply facts that needed to be proved before sentencing.[3]

¶ 22     Because the amendment changed the essence of the first degree arson charge, we cannot say that the original information adequately advised Palmer of the charges that she ultimately had to defend against at trial. Going into trial, she was on notice that she needed to defend against a charge of first degree arson, but once the information was amended she had to defend against a charge that, while similar, carried an increased penalty and included an additional element. Those changes were substantive changes to the information that needed to have been made, if at all, before trial.

_____

[3] The reason that sentence enhancers, such as habitual criminal charges, are often categorized as amendments to form rather than substance is because, at the time the amendment is made, the defendant had notice that an enhanced sentence was possible. *See People v. Butler*, 929 P.2d 36, 39 (Colo. App. 1996) (holding that amendment adding habitual criminal counts changed only the form of the information because defendant had actual notice of that count prior to trial). Here, Palmer had no notice that she would face a more severe penalty until the amendment was made during trial.

¶ 23    The trial court's decision to grant the People's motion to substantively amend the information after trial began represents a misapplication of Crim. P. 7(e), and therefore it was an abuse of discretion. Accordingly, we remand the case for resentencing on the first degree arson conviction as a class 3 felony without a crime of violence designation.

## B.    Prosecution's Disclosures

¶ 24    At trial, the prosecution intended on calling two fire investigators, Lieutenant R and Lieutenant S. After Lieutenant R testified, but before Lieutenant S did, the prosecution discovered and promptly disclosed two previously undisclosed reports from the lieutenants. Palmer moved for a mistrial based on the prosecutor's lack of timely disclosure. The trial court determined that the prosecutor's failure to disclose the reports was inadvertent, as neither witness had made the People aware of the existence of the reports before trial. Although the trial court denied the motion for a mistrial, it imposed two remedial sanctions. First, the trial court precluded the People from calling Lieutenant S as a witness. Second, the trial court ordered that Palmer could be permitted to

recall Lieutenant R so that he could be cross-examined about his report. Palmer, however, decided not to recall Lieutenant R.

¶ 25     To remedy a discovery violation, the trial court should impose the least severe sanction that ensures compliance with the discovery rules and protects a defendant's right to due process. *People v. Acosta*, 2014 COA 82, ¶ 12. Here, the trial court determined that precluding Lieutenant S from testifying and allowing further questioning of Lieutenant R would cure any prejudice to Palmer. When a prosecutor's discovery violation was inadvertent, allowing a defendant to recall a witness can be an appropriate remedy. *See People v. Lafferty*, 9 P.3d 1132, 1136 (Colo. App. 1999) (holding that discovery violation for failing to disclose entire police report was remedied by allowing the defendant to recall the prosecution's witnesses).

¶ 26     We conclude that the trial court acted within its discretion in fashioning its remedy for the discovery violation and we discern no abuse of discretion in the trial court's denial of Palmer's motion for a mistrial.

### III. Cumulative Error

¶ 27 Because we conclude that the trial court committed only one error, we do not address Palmer's contention of cumulative error. *People v. Munsey*, 232 P.3d 113, 124 (Colo. App. 2009) (stating that reversal under cumulative error standard requires "[n]umerous" irregularities at trial (quoting *Oaks v. People*, 150 Colo. 64, 66, 371 P.2d 443, 446 (1962))).

### IV. Conclusion

¶ 28 Palmer's sentence is reversed, and we remand the case to the trial court for resentencing. The judgment is affirmed in all other respects.

JUDGE ROMÁN concurs.

JUDGE DUNN specially concurs

JUDGE DUNN, specially concurring.

¶ 29    After learning her boyfriend was far from faithful, Danielle Palmer poured lighter fluid on a bag of his clothes and set them on fire outside his apartment. The fire blossomed, placing several residents in danger. The prosecution charged Palmer with five counts of attempted first degree murder and one count of first degree arson.

¶ 30    The day before trial, the prosecution moved to add a violent crime sentence enhancer for Palmer's use of a deadly weapon, in this case a lighter and lighter fluid, while committing the charged crimes. We know that the trial court said no, but because the hearing transcript is not in the record, we don't know exactly why. Yet, at the end of the first day of trial, the court decided on its own to revisit its ruling. In response, Palmer argued the amendment would injure her "substantial right[s]," while the prosecution maintained it was simply an amendment to form because the sentence enhancer did "not charg[e] an additional offense." The trial court "reverse[d] [its] ruling" and allowed the prosecution to add the sentence enhancer.

15

¶ 31    The majority holds that the court reversibly erred in doing so. In this, we all agree. I, however, don't agree that the addition of the sentence enhancer either added a new charge or changed the essence of the charged arson. And so I can't agree the amendment was one of substance under Crim. P. 7(e).

¶ 32    The purpose of an information is to "advise the defendant of the nature of the charges, to enable the defendant to prepare a defense, and to protect the defendant from further prosecution for the same offense." *People v. Metcalf*, 926 P.2d 133, 139 (Colo. App. 1996); *accord People v. Williams*, 984 P.2d 56, 60 (Colo. 1999). A trial court may permit the amendment of the information as to "form or substance" at any time before trial. Crim. P. 7(e). Once the trial starts, the court may still allow the prosecution to amend the information, but "only if [the amendment is] one of form, not substance, and if it charge[s] no different offense and prejudice[s] no substantial rights of the defendant." *Cervantes v. People*, 715 P.2d 783, 786 (Colo. 1986); *see also* Crim. P. 7(e).

¶ 33    To determine whether an amendment is one of form or substance, the court looks to the charge alleged in the information and the circumstances surrounding the case. *Cervantes*, 715 P.2d

at 786; *see also Metcalf*, 926 P.2d at 139. "An amendment that does not charge an additional or different offense or go to the essence of a charge is one of form, not substance." *People v. Manzanares*, 942 P.2d 1235, 1242 (Colo. App. 1996).

¶ 34     We know, of course, that a violent crime sentence enhancer "is not a substantive charge." *Lehnert v. People*, 244 P.3d 1180, 1185 (Colo. 2010). And it "does not create a separate substantive offense." *People v. Rodriguez*, 914 P.2d 230, 277 (Colo. 1996); *accord Brown v. Dist. Court*, 194 Colo. 45, 47, 569 P.2d 1390, 1391 (1977); *see also People v. Martinez*, 43 Colo. App. 419, 421, 608 P.2d 359, 360 (1979) (concluding that an amendment adding a violent crime sentencing count does "not charge a new, different, or additional offense not alleged in the original complaint"). Because the addition of the violent crime enhancer did not charge an additional or different offense, it cannot be a substantive amendment unless it changed the essence of the charged arson.[1] *See Manzanares*, 942 P.2d at 1242.

---

[1] The sentence enhancer did not apply to Palmer's fourth degree arson conviction. And the jury acquitted Palmer of the attempted murder charges. So I do not discuss those charges.

17

¶ 35     But I don't see how it did.  Before and after the amendment, Palmer faced one count of first degree arson, which required the prosecution to prove that she knowingly set fire to her boyfriend's apartment building.  § 18-4-102(1), C.R.S. 2017; *see also People v. Welborne*, 2017 COA 105, ¶ 53 (recognizing the elements of first degree arson).  The added sentence enhancer didn't change these fundamental elements.  Nor did it change the facts underlying the charged arson, the number of victims, the prosecution's burden of proof, any defenses to the arson, or the grade of the offense.  *Cf. People v. Johnson*, 644 P.2d 34, 38 (Colo. App. 1980) (finding an amendment that altered the required mens rea was one of substance because it resulted in a "different and more serious offense").  Because the arson charge remained the same, the added sentence enhancer changed nothing about the essence of that crime.

¶ 36     Still, for two reasons, my colleagues reach the opposite conclusion.  First, they reason that because Palmer faced an increased penalty, the sentence enhancer changed the essence of the arson charge.  But the enhanced sentence here does not change the essence of the crime charged.  After all, the enhancement

doesn't come into play unless and until the prosecution first proves the underlying crime — first degree arson. *Lehnert*, 244 P.3d at 1185 (recognizing that a violent crime sentencing provision "may only be imposed after the defendant has been found guilty of one of the eligible substantive offenses"). So I fail to see how the fact that Palmer faced an enhanced sentence — after the underlying charge was proved — changed the essence of the charged arson. *See Oby v. State*, 827 So. 2d 731, 735 (Miss. Ct. App. 2002) (concluding that the amendment to a possession of cocaine charge changing the weight of cocaine possessed was one of form because it affected only the penalty imposed, not the "essence" of the charged offense).

¶ 37    This leads me to *People v. Manyik*, 2016 COA 42. In that case, the prosecution initially charged the defendant with aggravated robbery under section 18-4-302(1)(d), C.R.S. 2017. That subsection required the prosecution to prove the defendant committed robbery while "he possesse[d] any article used or fashioned in a manner to lead any person who [was] present reasonably to believe it to be a deadly weapon or represent[ed] verbally or otherwise that he [was] then and there so armed." § 18-4-302(1)(d); *see Manyik*, ¶ 43. But after the trial started, the court allowed the prosecution to amend

the information and charge the defendant under a different subsection of the aggravated robbery statute. *Manyik*, ¶ 44. This new subsection carried with it an increased penalty and now required the prosecution to prove that the defendant "by the use of force, threats, or intimidation with a deadly weapon knowingly put[] the person robbed or any other person in reasonable fear of death or bodily injury." § 18-4-302(1)(b); *see Manyik*, ¶ 44. The amendment therefore changed more than the potential sentence; it changed an essential element of the charged crime. *See Manyik*, ¶ 52; *see also People v. Firm*, 2014 COA 32, ¶ 10 (concluding that different subsections of the aggravated robbery statute proscribe different conduct). And, in doing so, it was a substantive amendment precluded under Crim. P. 7(e). The amendment in *Manyik*, therefore, is unlike the one here.

¶ 38    My colleagues' second reason, that the amendment "required proof of an additional element — namely, the use of a deadly weapon," conflates the elements of the sentence enhancer with the elements of arson. *Supra* ¶ 21. The "special findings" for a violent crime sentence enhancer — that is, the finding that Palmer used a deadly weapon during the commission of the arson — "*relate only* to

20

the sentencing for the substantive offense." *Brown,* 194 Colo. at 47, 569 P.2d at 1391 (emphasis added); *accord People v. Mata,* 56 P.3d 1169, 1176 (Colo. App. 2002); *see also Armintrout v. People,* 864 P.2d 576, 580 (Colo. 1993) ("A defendant still may be convicted of the underlying offense without any proof of the sentence enhancer . . . ."). The deadly weapon finding thus did not create an additional element or affect the proof required to convict Palmer of first degree arson. I therefore don't agree that the special findings required to enhance the sentence changed the essence of the charged crime.

¶ 39     But that does not end the inquiry. An amendment to form still must not prejudice a defendant's substantial rights. *See Cervantes,* 715 P.2d at 786. And here the amendment did just that. The day after the trial court denied the prosecution's request to add the sentence enhancer, Palmer presented her opening statement, defending on the theory that she had only intended to destroy her boyfriend's clothes. Consistent with her defense, Palmer admitted that she "took lighter fluid . . . put that lighter fluid" on her boyfriend's clothes and "lit [them] on fire." So, she continued, while

21

the apartment fire "was an unintended consequence," "she's guilty of [only the charged arson]."

¶ 40 Palmer thus admitted that she used a deadly weapon in setting the fire, proving the facts necessary to enhance her sentence. But at the time of her admission, she did not face an enhanced sentence that carried with it mandatory jail time.

¶ 41 And once the court reversed itself, Palmer, of course, could not retreat from this position.

¶ 42 I can't conclude that Palmer would have so freely admitted these facts had the trial court allowed the amendment before trial. *Cf. Metcalf*, 926 P.2d at 140 (concluding that a form amendment did not prejudice the defendant when it did not "require a different defense strategy from the one the defendant had chosen under the initial information"). By allowing the amendment, her admissions had the added effect of relieving the prosecution from its burden of proving the facts necessary to enhance her sentence. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (concluding that the prosecution must prove to the jury beyond a reasonable doubt any fact that increases a defendant's sentence beyond the sentencing range).

¶ 43    At the end of it all, Palmer reasonably relied on the court's order denying the prosecution's request to add the violent crime sentence enhancer when she crafted her opening statement.  And by reversing course and allowing the amendment when it did, the trial court prejudiced Palmer's substantial rights.

¶ 44    So I agree with the majority that Palmer's enhanced arson sentence cannot stand, but for a different reason.  I otherwise agree with the opinion.